7368

WHARTON v. TOLBERT.

COBB v. TOLBERT.

RUSH v. TOLBERT.

BREACH OF CONTRACT—STATUTE OF FRAUDS—PARTIES.—The vendee of real property of one authorized by the owner in writing to sell, and binding himself to convey, may maintain action for damages for breach of contract against the owner alone, and it is within the statute of frauds to prove the written authority of the agent to sell and the contract of sale by the agent in writing signed by himself either as agent or as an individual. In the latter case the agency may be proved by parol.

Before MEMMINGER, J., Greenwood, October, 1908. Reversed.

Three actions (1) by C. C. Wharton against James W. Tolbert; (2) by James T. Cobb against James W. Tolbert, and (3) by Geo. W. Rush against James W. Tolbert. From order of nonsuit, all plaintiffs appeal.

*Messrs. Greer* and *Park,* for appellants, cite: 9 Cyc., 289; Code, 1902, 2367; 59 S. C., 560; 27 S. C., 381; 27 S. C., 265; 61 S. C., 113; 1 Hill's Ch., 166; 48 S. C., 490; 33 S. C., 382; 27 S. C., 382; 9 Cyc., 300; 2 DeS. Eq., 274; Tiffany on Sales, secs. 37, 39; 10 Rich. Eq., 459; 77 S. C., 221; 136 U. S., 66; 22 S. C., 371; 75 U. S., 557; 9 Cyc., 287, 288; 9 Cyc., 288; 92 Pac., 428; 18 N. W., 911; 70 Ill., 331; 88 Pac., 946; 56 Pac., 837.

*Messrs. W. H. Nicholson* and *J. P. Carey,* contra. *Mr. Nocholson* cites: 20 Am. St. R., 237; 6 Am. R., 617; 44 Am. Dec., 665; 17 Am. Dec., 529; 1 Ency., 386; 27 S. C., 376; 25 S. C., 136; 7 Am. D., 484; 59 Am. D., 749; 67 Am. D., 500.

*Mr. Carey* cites: 1 Ency., 1011; 6 Am. R., 617; 93 Am. D., 172; 4 Ency. 964; 48 S. C., 496; Chev., 272; 29 S. C.,

170; 6 Wheat., 577; Story on Agency, 49-51; 2 S. C., 429;
19 S. C., 292; 27 S. C., 316; 36 S. C., 574: 40 S. C., 163;
78 Am. St. R., 644; 52 Am. St. R., 91; 65 S. C., 544; 21
S. C., 455; 27 S. C., 348; 27 S. C., 621; 77 S. C., 511; 13
Rich. Eq., 257.

November 10, 1909.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   These actions were brought to
recover damages for the breach of contracts for the sale of
land. · They are all based upon practically the same facts,
and governed by the same principles of law.   They were
tried on circuit together, argued in this Court together, and
will be considered together.

As the decision will turn upon the construction of the
contracts between the parties, it will be necessary to set them
out.   They are as follows: "I, J. W. Tolbert, in considera-
tion of one dollar to me in hand paid at the signing of these
presents, the receipt whereof is hereby acknowledged, have
granted to Pratt & Pratt the sole right and privilege of sell-
ing the following real estate (here follows description) for
the sum of $3,500 for the entire lot and houses, on the
following terms: Cash.   In case of sale of said property
within six months from this date, I agree to pay to Pratt &
Pratt overage of purchase price, as commissions, all over
thirty-five hundred net, and execute and deliver to the pur-
chaser or purchasers good and sufficient titles to said prem-
ises, free of encumbrances.   Witness my hand and seal, this
2d day of July, 1907.   James W. Tolbert.   (Seal)."
   In the presence of (no witness).

"Received of Charles C. Wharton five ($5) dollars as part
payment on one house and lot, situated on Milwee street, in
Greenwood, So. Car., belonging to J. W. Tolbert, and
bounded by lots of the Greenwood roller mills, W. H. Yel-
dell, and lots of the J. W. Tolbert property, which we have
sold to G. W. Rush and James Cobb.   The price of $1,025

being the purchase price, and the balance of $1,020 to be paid on or before the first day of January, 1908; upon payment of same, said Chas. C. Wharton shall receive good and sufficient titles. Witness our hand and seal, this 14th day of November, 1907. Pratt & Pratt, agents for J. W. Tolbert. Witness: E. F. Jay."

"We hereby acknowledge receipt of $5 from Mr. James Cobb as part payment on house and lot, situated on Phoenix street, in the town of Greenwood, containing one-half acre, more or less, and having one two-story, seven room house thereon, belonging to J. W. Tolbert. We, Pratt & Pratt, agree to deliver titles to Mr. James Cobb for said property free of all encumbrances upon payment of the remaining $1,795, and Mr. Cobb agrees to pay the said $1,795 upon delivery of titles by Pratt & Pratt, at any time within the next thirty days or thereafter as soon as is practicable. Witness our hands and seal, at Greenwood, S. C., this 26th day of August, 1907. Pratt & Pratt. J. T. Cobb. Witness: ———."

"Received of G. W. Rush $10 as part payment on one house and lot, situate on the corner of Milwee and Phoenix streets, in Greenwood county, S. C., same belonging to J. W. Tolbert, and bound by lots of Tolbert property, which will be shown by a plat to be made later. We agee to furnish titles to said G. W. Rush on or before January 1st, 1908, upon payment of the balance of $1,015, the purchase price of said house and lot, being $1,025. Witness our hand and seal, this 12th day of September, 1907. Pratt & Pratt, agents for J. W. Tolbert. Witness: W. M. Rodgers."

The plaintiff in each case proved his readiness and willingness to comply with his contract, his offer to do so, and defendant's refusal to make him titles. There was testimony that, when defendant was asked to execute titles to Cobb, he declined on the ground that he wanted to sell it all at once; and said when it was sold, he would make titles. He also objected that, unless the property was subdivided

and platted, disputes might arise about the lines, and, for that reason, he wanted it surveyed and platted before signing any deeds. Thereupon, Pratt & Pratt had it surveyed and plats made, and deeds prepared accordingly; and defendant was frequently urged by Pratt & Pratt, and by the purchasers, to execute the deeds; and he as frequently promised to do so, but put them off from time to time, with various excuses, and finally refused, on the ground that his wife would not renounce her dower.

At the close of plaintiff's testimony, defendant moved for nonsuit on various grounds, which will be hereafter considered. The motion was granted on the ground that there was no privity of contract between the plaintiffs and defendant.

The defendant's main contention is that his contract with Pratt & Pratt was only a brokerage contract, giving them no right to sell, or to bind him by any contract of sale made by them, but only the right to find purchasers, to whom he might convey or not as he saw fit.

The statute of frauds does not require that a contract for the sale of real estate shall be under seal, or witnessed. All that is required is that it "shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

Letters written by the parties, or their authorized agents, have frequently been held to satisfy the requirements of the statute, where they show all the terms of a complete contract. *Kennedy* v. *Gramling*, 33 S. C., 383; *Peay* v. *Seigler*, 48 S. C., 506.

With practical unanimity, the courts have held that it is not necessary that the contract shall be signed by both parties to give it mutuality; but it is sufficient, if it is signed by the party to be charged. *Douglas* v. *Spears*, 2 N. & McC., 207; *Peay* v. *Seigler, supra*. In the case last cited the Court quotes, with approval, the following from *Sams* v. *Fripp*, 10 Rich. Eq., 459: "It has always been held that the require-

ments of the statute of frauds concerning agreements to convey lands, were fulfilled by the signature to the contract of the party to be bound, where the adverse party by bringing his bill, or any writing, affirms the contract."

Defendant's counsel contend, however, that this principle applies only to actions for specific performance, which is a confirmation of the contract; but that it should not apply to actions at law for damages, because they do not confirm, but rather repudiate the contract. We fail to appreciate the force of this contention. An action for damages for the breach of a contract cannot be said to be a repudiation of the contract. On the contrary, it is predicated upon the existence of the contract. Unless the existence of the contract is alleged and proved, there is no cause of action for damages. The principal difference between the two actions is the relief obtained. The case of *Douglass* v. *Spears, supra,* was an action at law; and, in that case, the court allowed the action to be maintained, and denied the want of mutuality in the contract, because it was signed only by the party to be charged. In Browne on Statute of Frauds, sec. 366, the author says: "The rule is firmly settled that in equity for obtaining a specific execution, as well as at law for recovering damages, the signature of the party who makes the engagement is all that the statute requires."

We do not see how it can be contended that, under their contract with Tolbert, Pratt & Pratt had no right to make a contract of sale. The language of the contract is plain and unequivocal. It says: "I * * * have granted to Pratt & Pratt the sole right and privilege of selling the following real estate." And, in the last paragraph, it says: "In case of sale of said property, * * * I agree *to* * * * execute and deliver to the purchaser or purchasers good and sufficient titles to said premises." Clearly, by the terms of the contract, he authorized them to sell, and agreed to make titles to those to whom they might sell. They were his agents to sell, and therefore had a right to make a contract

of sale, which was binding upon him. In such cases, the signature of his agents, "thereunto lawfully authorized," satisfies the statute. And it makes no difference that, in signing one of the contracts, they did not sign it as agents. Thereby they made themselves personally liable to the party with whom they contracted. *Bulwinkle* v. *Cramer,* 27 S. C., 376, 3 S. E., 776. But signing in that way did not affect his liability, for, so far as he is concerned, it is competent to show by parol that he was their principal. Browne on Statute of Frauds, sec. 364. In *Jones* v. *Littledale,* 6 Adol. & E., 486, Lord Chief Justice Denman said: "There is no doubt that evidence is admissible on behalf of one of the contracting parties, to show that the other was agent only, though contracting in his own name, and so fix the real principal." In fact, the contract discloses on its face that Pratt & Pratt were acting as defendant's agents, for it describes the property as "belonging to J. W. Tolbert." In Browne on Statute of Frauds, sec. 370b, the author says: "The agent's signature may be in his own name, no principal's name or fact of agency appearing in the memorandum; and parol proof will be admitted to show the agency and hold the real principal." By giving Pratt & Pratt the sole right to sell, and by agreeing to execute titles to the purchaser or purchasers, the defendant created a privity of contract betweeen himself and such purchaser or purchasers.

Judgment reversed.