### 7580

### SHILLINGLAW v. SIMS.

1. SPECIFIC PERFORMANCE—REAL PROPERTY.—A CONTRACT authorizing a broker to "effect a sale" of land gives him no authority to complete the sale, but the details are to be arranged between the owner and purchaser and under such contract the broker cannot bind the principal by executing a contract of sale.

2. IBID.—IBID.—Another objection to enforcing this contract is that it does not specify the method of securing the payment of the credit portion and it would be necessary to resort to parol to show to what contract the postal card reducing the price from that set out in the broker's contract referred.

3. IBID.—IBID.—A contract for sale of land not signed by the owner and repudiated by him or his authorized agent, cannot be enforced.
4. REHEARING refused.

Before GARY, J., Cherokee, August, 1909. Affirmed.

Action by H. M. Shillinglaw against J. M. Sims, Morgan and Lewis Whisonant. From Circuit judgment dismissing complaint, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant, cites: *Authority of agents to sell:* 2 Speer., 295; 15 Beav., 592; Fry Spec. Perf., secs. 296, 509; 48 S. C., 503. *Contract from different writings:* 1 D. & M. S., 433; 65 S. C., 356; Fry Spec. Per., sec. 270; 19 How., 320; 93 U. S., 242; 202 U. S., 386; 3 Drew., 523; 5 Vin. Abr., 527; 1 R. & M., 391; Brown Stat. Frauds, secs. 306, 352; 48 S. C., 509; 10 Rich. Eq., 459; 8 Ency., 711; 2 S. C., 410; 1 McM., 319; Ewells-Evans Agency, 211; Pom. Eq., secs. 818, 813. *Vendor should not violate contract because purchase money is not paid which he prevents:* 57 S. C., 133; 72 S. C., 562; 53 S. C., 572. *Notice of vendee's equity defeats right of subsequent purchasers:* 14 S. C., 312; 48 S. C., 514; 53 S. C., 574; 57 S. C., 279.

*Mr. Jno. R. Hart* and *G. W. Speer,* contra. *Mr. Hart* cites: *Contract to effect sale is not complete:* 1 Ency., 1011; 76 Col., 16; 20 N. J. Eq., 236; Pom. on Con., sec. 58; 38 Mich., 185; 63 N. Y., 445; 65 N. Y., 574; 107 Mass., 505; 120 Mass., 53; 104 Mass., 214; 20 How., 221; 13 Bush., 358. *And was revocable:* Pom. on Con., sec. 61; 4 Ency., 967, 1220, 1222; 86 Ill., 142; 64 Ill., 548; 25 L. A. Ann., 418; 144 Mass., 256; Pom. on Con., sec. 210. *All details must appear in writing:* 1 Hill., 159; 96 Va., 87; 5 Ala., 759; 10 N. J., 304; 13 Rich. Eq., 250. *Contract with agent after knowledge of sale to another by principal is void:* 65 S. C., 558; 77 S. C., 514; 74 Cal., 557. *Specific per-*

*formance is matter of discretion:* 5 Rich. L., 462; 22 S. C., 40; Pom. on Con., sec. 179; 1 Strob., 359.

*Mr. Speer* cites: *This case is controlled by Wharton* v. *Talbert,* 84 S. C., 197.   *Duties of real estate broker:* 24 S. E., 258.

The opinion in this case was filed on April 22, 1910, but remittitur held up on petition for rehearing until

May 14, 1910.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   This is an action for the specific performance of an alleged contract for the sale of real estate.

On the 18th of January, 1907, the defendant executed a contract in writing, with Peoples' Bank and Trust Company, whereby, in consideration of one dollar and such services as said company might render, "as real estate brokers, in effecting the sale" of his property, therein described as containing 52 acres, he gave said company full authority and appointed them his agents, "for the purpose of effecting this sale of the aforesaid property, at the price of $18.00 per acre, on terms of one-third cash, and the balance in one and two years at eight per cent." The contract further provided that "in the event of a sale being effected during the existence of this contract," or as the result of any action of "said company, he would pay the company a commission of five per cent., and one-half of the excess of the price fixed." About the first of January, 1908, negotiations began between the plaintiff and the company for the sale of the tract in question.   Plaintiff made an offer of $13.00 per acre.   In consequence of the negotiation, the company wrote defendant, but the letter was not produced, nor was any evidence of its contents offered.   In reply to that letter, defendant wrote the company a postal card, dated January 4, 1908,

[Rep.]                    April Term, 1910.

saying, "I cannot accept less than $15.00 per acre, as I offered it to you." On January 6th, the company wrote plaintiff, offering the tract for $825.00. On January 18th, the plaintiff signed a contract, in writing, purporting to have been made with the company, entitled, "Articles of agreement between People's Bank and Trust Company, brokers for J. M. Sims, and H. M. Shillinglaw," whereby the company agreed to sell and Shillinglaw agreed to buy the land at $825.00, one-third cash, and the balance in one and two years at eight per cent. interest. This agreement was not signed by the company, but after the plaintiff signed it, it was sent to defendant for his signature, but he refused to sign it, and repudiated the attempted sale, on the ground that the agency of the company had terminated. Plaintiff did not pay the one-third in cash, but deposited with the company a note for the amount on a third person, due at sixty days. The note was not discounted by the company, but was paid at maturity, and the money was paid to the plaintiff.

The Circuit Court held that the contract was a mere broker's contract, and that it gave the company no power to sell, but only authorized them to find a purchaser ready and willing to buy on the terms agreed upon by the defendant, and that the company had no authority to bind the defendant by signing a contract, and that plaintiff had not complied with the terms agreed upon by paying one-third in cash, and dismissed the complaint.

We think the conclusion of the Court below was correct. It will be noticed that the contract in this case does not authorize the company to sell, as the contract did in the case of *Wharton* v. *Talbert,* 84 S. C., 197; but they are only authorized to "effect a sale," which is authority only to negotiate a sale by bringing the parties together. The authorities are practically unanimous that such a contract does not authorize the broker to execute a contract of sale, binding on his principal. The busi-

ness of a real estate broker, under such a contract, is merely to find a purchaser who is ready, willing and able to buy on the terms agreed upon by the owner. The adjustment of the details of the transaction must be left to the principals. *Duffy* v. *Hobson,* 40 Cal., 240; 6 Am. Rep., 617; Note to *Walker* v. *Osgood,* 93 Am. Dec., 172; *Grant* v. *Ede,* 85 Cal., 418, 20 Am. St. R., 237; *Larson* v. *O'Hara,* 98 Minn., 71, 116 Am. St. R., 342. While the agreement specifies one-third cash and the balance in one and two years, it does not specify what security, if any, shall be given for the deferred payments. In the original contract, the price stated is $18.00 per acre, and while the defendant does say in the postal card of January 4th, that he would not accept less than $15.00 per acre, he does not say whether that should be all cash, or on the same terms as the original agreement. And, moreover, the testimony shows that he signed two other similar contracts at the same time that he signed this one, and it will be necessary to prove by parol to which contract he referred in the postal card. The law is well settled that all the essential elements of the agreement must be in writing, and nothing can be supplied by parol.

But there is still another insurmountable objection to the enforcement of this contract. It is not signed either by the defendant or his alleged agent. The statute of frauds plainly says that no action shall be brought upon any contract for the sale of land, unless it is in writing and signed by the party to be charged, or by some person thereunto lawfully authorized. It is true that a contract for the sale of land signed by only one party may be enforced by the other by bringing suit on it against the party signing it, because by so doing, the one who has not signed it affirms it and thereby gives it mutuality; but the party who alone has signed it cannot enforce it by bringing an action upon it against the other, because of the inhibition of the statute. *Moore* v. *Powell,* 25 S. W., 472; *Dur-*

*ham etc.* v. *Guthrie,* 21 S. E., 952, unless, perhaps, the party to be charged has, as held by some authorities, accepted the same as a valid and subsisting contract, or, by his pleading, admits it; but in this case, it was repudiated by defendant as soon as he was informed of it, and, in his answer, he denies the contract and the authority of his alleged agents to make it.

Judgment affirmed.

MR. JUSTICE WOODS *concurs on the last ground stated in this decree.*

May 14, 1910. PER CURIAM. Upon due consideration ordered that the within petition be dismissed and the stay of remittitur revoked.