Norman **BERNSTEIN**, Plaintiff,

v.

**YEE WONG and Bette Yee Wong**,
Defendants.

Civ. A. No. 1061-63.

United States District Court
District of Columbia.

Dec. 9, 1964.

Leonard S. Melrod, Joseph V. Gartlan, Jr., E. David Harrison, Friedlander & Melrod, Washington, D. C., for plaintiff.

Herman Miller, Washington, D. C., for defendants.

KEECH, District Judge.

This is an action for specific performance, wherein the plaintiff claims to be the purchaser, through real estate broker Siegel, of certain property situated in the District of Columbia. The property in question is owned by the defendants and known as 1014—Massachusetts Avenue, N. W.

This action grows out of the following facts. A real estate broker, one Morton W. Siegel, approached the defendant husband with a view to ascertaining whether he would sell the subject property. The defendant responded that he would, and gave the broker a listing of the property setting forth with particularity the owners' terms. The broker was given the exclusive right to sell this property, for a fixed period of time which was later extended. Within the time prescribed in the extension, the broker presented to the defendant husband a document acknowledging receipt by the broker from one Arlene Hess of the sum of $1,000 to be applied as part payment on the purchase of the property, wherein the said Hess agreed to purchase the said property on the specified terms. This document is signed by the broker "Morton W. Siegel, Agent". This alleged offer was accepted by "Arlene Hess, Purchaser". It is conceded by the plaintiff that the said Arlene Hess was a straw for him. When this document was presented to the defendant he refused to accept the deposit or to sign. This action then followed.

Among the terms of the owners' agreement with the broker was the provision that "We, the Sellers, also hereby agree irrevocably, to sign at once, a contract

**6**

submitted by Morton W. Siegel, exclusive agent, by a willing purchaser at the sales price of $55,500.00 cash net to us."

 The court finds that this was no more than an ordinary listing contract. Language to the effect that the owner will sell to a willing purchaser produced by the broker and that the owner agrees to convey good title is normal to a listing contract. The weight of authority is that such language does not bind the owner as against a third party. See Gallant v. Todd, 235 S.C. 428, 111 S.E.2d 779 (1960); Schuhmacher v. Lebeck, 103 Kan. 458, 173 P. 1072, L.R.A.1918F, 788 (1918); and cases cited in Annotation, 43 A.L.R.2d 1014, § 16 (1955). Contra, Wharton v. Tolbert, 84 S.C. 197, 65 S.E. 1056 (1909). Generally, such provisions are intended only to assure the broker that the listing is in good faith, and that if his efforts are successful there will in fact be a sale and a commission thereon. The court is therefore unable to interpret this listing agreement as an offer binding on the two defendants until revoked or voided by lapse of time. Gumbin v. Alexander, 22 F.2d 889 (7th Cir. 1927); Schuhmacher v. Lebeck, supra.

 It is firmly established that a listing with a broker does not authorize the broker to bind the owner to a sale, but only to find a prospective purchaser. 12 Am.Jur.2d, Brokers § 71 (1964). Ochs v. Weil, 79 U.S.App.D.C. 84, 142 F.2d 758 (1944), cited by both sides, differs materially from the instant case. There the owner specifically directed the broker to accept a specific offer. Such direction in terms vested the broker with the additional necessary specific authority to bind the owner.

 The court finds that the agreement of October 10, 1962, signed by defendants, and the extension of November 7, 1962, constituted merely a listing authorizing the broker to find a purchaser, and did not authorize the broker to enter into a contract which would bind the owner to any purchaser.

It follows that the prayer for specific performance must be denied and the complaint dismissed.

It is therefore, this 9th day of December, 1964,

Ordered that the complaint be and the same is hereby dismissed.