JOSEPH C. GREENAWALT v. LOUISA M. ESTE *et al.*

1. LAND—*Sale*—*Price, Where Payable.* In the absence of any stipulation, the price to be paid for land is payable at the office of the vendors or their agents, or to them personally.

2. CONTRACT *for Sale of Land, Incomplete.* Where the agents of the owner of land, in answer to a letter stating the writer wished to buy and asked the price thereof, fixed a price, and the person desiring to buy agreed to pay the sum named, but suggested as the place of payment a bank in the town where he lived, which was in another state than that in which the agents did business, the contract for the sale of the land was incomplete.

3. ACTION, *Cause of, Not Stated.* A petition alleging that the agents of defendants, doing business in Cincinnati, Ohio, agreed to sell a tract of land in Atchison county, and that the plaintiff agreed to pay at a bank in Atchison the price asked, does not state a cause of action.

*Error from Atchison District Court.*

THE opinion states the case. Judgment for the defendants, on June 3, 1887. The plaintiff *Greenawalt* brings the case to this court.

*S. H. Glenn,* for plaintiff in error.

*Hudson & Tufts,* and *W. W. & W. F. Guthrie,* for defendants in error.

Opinion by HOLT, C.: This action was brought in the district court of Atchison county by plaintiff in error, and 640 acres of land were attached. The defendants moved to dissolve the attachment. There were five distinct grounds alleged in their motion for dissolution. The court denied the first four and sustained the fifth ground, and dissolved the attachment. The plaintiff brings the case here for review. The defendants state that the court erred in overruling the first four grounds of defendants' motion, but as they have filed no cross-petition in error we shall not consider their objections. The attachment was dissolved because the court held that the petition did not state a cause of action. (*Quinlan v. Danford,*

28 Kas. 507.)    The petition, with sufficient fullness and detail, alleges the transactions of the parties, excepting the averments concerning the refusal of defendants to execute the contract. It is set forth that the defendants are all non-residents of the state, and that the plaintiff is a resident of Atchison; that he wrote to the agents of defendants at Cincinnati, Ohio, who, the petition avers, were duly authorized to act as agents of defendants in this matter, on the 28th of February, 1887, stating he wished to purchase the land belonging to defendants, describing it, and asking them their price. They answered March 2, as follows:

"CINCINNATI, OHIO, March 2, 1887.

"*J. C. Greenawalt, Esq., No. 513 Commercial street, Atchison, Kansas*—DEAR SIR: Your letter of the 28th ult. has been received. We will sell the whole section of land in Atchison county, Kansas, referred to by you, at $50 per acre.

Yours respectfully,

ESTE & SCHMIDT."

Upon the 5th of March the plaintiff telegraphed as follows:

"*To Este & Schmidt, 34 West Fourth St., Cincinnati, Ohio:* Your offer, letter March 2, accepted; have deposited ten thousand dollars to your credit in Exchange National Bank. Send deeds and papers at once. *Answer.*    J. C. GREENAWALT."

At the same time he wrote and mailed to Este & Schmidt a letter of acceptance:

"ATCHISON, KANSAS, March 5, 1887.

"*Messrs. Este & Schmidt, Cincinnati, Ohio*—GENTS: I this morning accepted your proposition made to me by letter March 2, 1887, by telegram, and have deposited to your credit ten thousand dollars in the Exchange National Bank of this city, and requested them to inform you of the fact.    The balance of the money is on deposit for you, and will be paid to you upon the receipt of deeds conveying the title of said land, to wit, section fifteen, town six, of range twenty, in Atchison county, Kansas, to me.    As the money is lying idle, I desire that you should close up the transaction at once.

I am, truly yours, etc.,

J. C. GREENAWALT."

The sole question we shall consider is, whether there was

a contract between the parties to this action. Taking the allegations of the petition as true, as we must under the motion to dissolve the attachment, we learn that plaintiff wrote to the duly authorized agents of defendants, at Cincinnati, Ohio, stating he wished to buy defendants' land in Atchison county, describing it, and asking the price; they promptly answered they would sell for $50 per acre if they could sell all of it; he telegraphed and wrote at once that he would accept their offer, but added that he had placed $10,000 to their credit in a bank at Atchison, and for them to send on papers at once, and also in his letter he wrote they should be paid on receipt of deeds conveying title. Under the answer to plaintiff's first letter to Este & Schmidt, agents of defendants, and their offer to sell, the purchase-money was due at their office in Cincinnati, Ohio, or to them personally, and not at a bank in Atchison, Kansas. This the law implied as a part of their contract, as evidenced by their letter of March 2. (*Baker v. Holt*, 56 Wis. 100; *Iron Company v. Meade*, 21 id. 480.) The plaintiff notified them he accepted their offer, and suggested they should send the title-papers to Atchison, as he had the money there to pay them; by his letter the place of payment was Atchison; by theirs, at Cincinnati, Ohio. In one constituent of the bargaining the parties did not agree; we do not know how important this may have been deemed by them; at least it was an essential element of a completed contract.

The plaintiff in his petition asks for a judgment for damages because he avers the defendants refused to perform a contract they had made with him. Before he could recover damages for a refusal to execute, he must first of all allege a contract in his petition, and prove it by evidence. It follows, if no contract was entered into between the parties, he could not recover for any neglect or refusal of the defendants to comply with his understanding of what had been agreed upon. Failing to set forth a contract in his petition, he failed to state any cause against defendants, and therefore the court was correct in its judgment dissolving the attachment.

For the reasons above stated, we recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.