No. 20,638.

J. F. CORLEY, *Appellee*, v. M. F. EHLERS, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE OF REAL ESTATE—*Proposition Must be Definite and Complete—Statute of Frauds.* A proposal to sell land, which may be converted into a contract of sale by an acceptance, must be so definite and complete as to evince the intention of the parties to the transaction.

2. SAME—Ordinarily an offer to sell land, made to a particular person, can be accepted only by the one to whom it was made.

3. SAME—*Letter of Landowner—Not an Offer of Sale to Plaintiff.* The following letter, written by an owner to another, is not such an offer as may be converted into a binding contract to sell and convey land, through the acceptance of one not mentioned in the letter:

"I have priced those lots at $150, and unless I am a *big Fool* they

are cheap at that, wonder if you could sell Mrs. Hines the lots south of her. I believe I have about 8 25-foot lots; would take $400.00 net to me."

4. SAME—*Offer to Sell Land—Specific Performance.* Under the averments of the petition of plaintiff, it is held that the contract of sale attempted to be made with a third person by one to whom the letter was addressed is not one which may be specifically enforced.

Appeal from Edwards district court; ALBERT S. FOULKS, judge. Opinion filed February 10, 1917. Affirmed in part and reversed in part.

*R. P. Evans,* and *George Clammer,* both of Manhattan, for the appellant.

*W. E. Broadie,* of Kinsley, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by J. F. Corley against M. F. Ehlers to compel specific performance of what is alleged to be a contract for the sale of real estate. The case was determined upon the allegations of the petition, which was in two counts.

It was alleged in the first cause of action that the defendant authorized Thomas Darcey to sell some real estate which he owned, by writing him the following letter:

"I have priced those lots at $150, and unless I am a *big Fool* they are cheap at that, wonder if you could sell Mrs. Hines the lots south of her. I believe I have about 8 25-foot lots; would take $400.00 net to me."

It was further alleged that plaintiff had become the husband of the Mrs. Hines mentioned; that he had accepted the offer and tendered the price; but that defendant refused to convey.

The second cause of action, after making the averments of the first count a part of the second, alleged that plaintiff, pursuant to the authority granted in the letter to the agent, entered into a written contract with the latter to purchase the land, but that the defendant refused to convey. It was further alleged that defendant never denied or questioned the agent's authority to do the acts mentioned, but gave other reasons for not complying with the contract. The contract recited that the agreement was between Thomas Darcey, real estate agent, and J. F. Corley, and was signed by the agent thus: "Thos.

Darcey for M. F. Ehlers," the defendant's name appearing nowhere else upon the document. The court overruled the demurrer as to the first count, but sustained it as to the second.

As to the first count of the petition, the question presented is whether the defendant's letter to Darcey is such a proposal to sell real estate as would become binding upon acceptance by the plaintiff. To avoid the statute of frauds it was necessary that the contract should be in writing and a proposal which may be converted into a contract by acceptance should be definite and certain so that the intention of the parties with respect to the terms of the contract may be ascertained. Did the defendant write his letter as a step in the formation of a contract; and did the expressions he used evince an intention to enter into a contract relation with the plaintiff? The court can not infer a contract where the parties did not intend to make one. The first part of the letter refers to real estate not involved in this action. Defendant then expresses curiosity as to whether Darcey could sell to Mrs. Hines the lots which lie south of her. He does not expressly authorize him to sell the lots, but wonders whether or not a sale could be made to her. The language used implies both curiosity and doubt. Further, he did not appear to be positive as to the extent of his holdings, but said: "I believe I have 8 25-foot lots." The real estate mentioned in the petition is described by metes and bounds and appears not to have been platted or divided into lots. Then he adds: "Would take $400.00 net to me"— language which indicates a proposal to Darcey to procure a purchaser for the lots rather than to have been communicated as an offer to sell and convey them to Mrs. Hines. There is indefiniteness as to the identity of the ground, but perhaps that could be made certain by the reference to the lots south of Mrs. Hines which, if the contract were otherwise sufficiently definite and complete, might be interpreted as the lots south of her property. If the letter could be interpreted as authorizing an offer to sell the lots, it appears to have been intended for Mrs. Hines and not for the plaintiff, who is asking specific enforcement. The rule is that if a proposal is made to a particular person it can be accepted only by the person to whom it is made. (39 Cyc. 1203.) The fact that the plaintiff subsequently married Mrs. Hines did not give him a right to make

a binding acceptance of an offer made to her without the consent of the one making the offer. We think the writing can not be regarded as an offer that could be converted into a binding contract by the acceptance of the plaintiff.

Complaint is made of the ruling of the court sustaining the demurrer to the second count of the petition. It is obvious that Darcey had no authority to make a contract for the sale of the land. As has been stated, there is some basis for the contention that the statements in the letter authorized Darcey to procure a purchaser for the defendant's lots, but even if the authority had been more definite and complete it would not follow from the use of the word *sell* employed in the letter that he was authorized to make a binding contract of sale of the real estate.

In *Brown v. Gilpin,* 75 Kan. 773, 90 Pac. 267, it was said:

"Most of the cases that seem to deny that power to contract follows from authority to sell in fact go no further than this: That communications from the owner to a real-estate broker with respect to the sale of lands will be regarded as giving the agent only the authority usually incident to his employment—that is, to find a purchaser—unless a different intention is clearly shown; and that no wider power than that is necessarily indicated by the use of the words 'to sell' or 'to make a sale' in describing the purpose for which the agent's services are engaged, inasmuch as in common parlance 'to sell' is often used as meaning to negotiate or arrange for a sale and a sale is said to be made when its terms have been orally agreed upon." (p. 782.)

There is nothing here to show an intention by defendant to authorize Darcey to go further and actually make a binding contract to sell. The authorities collated in the case cited sustain the ruling of the trial court on this count, that Darcey was not vested with authority to authorize him to execute a contract of sale. The allegations in the petition do not afford a basis for ratification of the acts of Darcey or an estoppel against the defendant. The averment that defendant had not questioned the authority of Darcey seems to be answered by the contest of this proceeding. The statement that another than himself had an interest in the lots does not set forth the elements of estoppel. It is not alleged that plaintiff entered into the contract of purchase relying on the statements of the defendant beyond what was contained in the let-

ter and that authority so far as it went appears to have been within the reach and knowledge of the plaintiff.

The decision of the court in overruling the demurrer to the first cause of action stated in the petition is reversed and the decision in sustaining the demurrer to the second cause of action is affirmed.