No. 21,890.

J. L. McCARTER and G. S. CROW, Partners, etc., *Appellants,*
v. H. M. ROGERS, *Appellee.*

SYLLABUS BY THE COURT.

ACTION—*Specific Performance—No Completed Contract Proven.* In a
suit for specific performance, where it is claimed certain corre-
spondence between the parties resulted in a contract binding de-
fendant to convey specific real estate, a judgment denying relief to
plaintiffs is sustained for the reason that the writings show that the
minds of the parties never met upon the terms of a contract; and it
is further held that defendant was not bound to state all his defenses
to the action in his letter refusing to accept plaintiffs' terms.

Appeal from Hamilton district court; GEORGE J. DOWNER,
judge. Opinion filed February 8, 1919. Affirmed.

*George Getty,* and *H. E. Walter,* both of Syracuse, for the
appellants.

*H. P. Jones,* of Syracuse, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In a suit for specific performance a demurrer
to the petition was sustained, and plaintiffs appeal.

The plaintiffs allege that defendant agreed to sell them a
quarter section of land for $600, one-half in cash to be de-
posited in a certain bank for his benefit upon his delivery to
the bank of a warranty deed to them; and that it was further
agreed that plaintiffs would at the same time deposit in the
bank for his benefit a real-estate mortgage for $300 due in
three years with interest at the rate of six percent per annum
and covering the real estate in question, and that the agree-
ment was evidenced by the following correspondence:

"HANOVER, IND., Feb. 28, 1917.

*"McCarter & Crow:*

"DEAR SIRS: I will sell the S. E. ¼, 20-21-39, for $600.00, half cash,
if taken soon. Yours truly, H. M. ROGERS."

"MCH. 2nd, 1917.

*"Mr. H. M. Rogers, Hanover, Ind.*

"DEAR SIR: We note from your letter of the 28th ulto. that you
will sell your S. E. of 20-21-39 for $600.00, one-half cash and the bal-
ance 3 years at 6 per cent. Please send deed and abstract to 1st Na-

tional Bank of Syracuse, Kans., with instructions to deliver to our order on payment of $300.00 cash and a properly executed mortgage for $300.00 to run three years, drawing 6 per cent annually. Trusting to hear from you soon, we are,          Respectfully,"

                                        "Hanover, Ind:, Mch. 8, 1917.
"McCarter & Crow, ,Syracuse, Kansas.

"Dear Sirs: Immediately after receiving your offer for my land, I rec'd one so much better that I have decided to take the latter. I think I am justified in this, as I am so far away that I did not know the value of the land.                       Yours, etc.      H. M. Rogers."

The demurrer was properly sustained. Plaintiffs' letter to the defendant, which they contend closed the bargain and made a binding contract, shows, on the contrary, that the minds of the parties had not met upon the terms and conditions under which the deferred payments were to be made. Defendant had never stated what his desires were in respect to when, where or how the money should be paid, or the rate of interest it should draw. Some very essential conditions proposed by the plaintiffs in their letter required his acceptance before the contract for purchase and sale was complete. Until he had notified them in some manner of his acceptance, either by correspondence or by sending a deed to the bank with instructions to deliver it to plaintiffs upon the terms stated in their letter, the plaintiffs could not have been compelled to purchase had they seen fit to decline to complete the contract and notified him of the fact before his acceptance of the terms stated in their letter. In order to be a contract, it had to bind both parties.

For the same reason, plaintiffs' contention that the defendant should not be permitted to mend his hold and rely at the trial upon a different ground for refusing to convey from that stated in his second letter is not sound. The rule stated in *Redinger v. Jones,* 68 Kan. 627, 75 Pac. 997, followed in *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116; *Paul Co. v. Shaw,* 86 Kan. 136, 119 Pac. 546, and in *Braniff v. Baier,* 101 Kan. 117, 165 Pac. 816, cannot apply, for the reason that it made no difference what actuated the defendant in refusing to convey, since there was no contract in existence binding him to convey. After he has made a contract which he refuses to carry out, the rule contended for applies; and he will not be permitted to place his refusal to perform upon one ground, and

then, when sued to enforce the contract, place his defense upon a wholly different ground. (*Sandefur v. Hines*, 69 Kan. 168, 76 Pac. 444.) , Until defendant accepted the plaintiffs' terms and conditions with respect to the deferred payments, there was no contract binding either party, and, therefore, any reason, good, bad, or indifferent, moving defendant to withdraw his offer, left the plaintiffs without any remedy.

The judgment is affirmed.