No. 22,225.

J. M. COX, *Appellant,* v. WILLIAM CHALFANT, JR., *Appellee.*

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*No Authority to Make Contract of Sale of Land to a Purchaser.* In answer to an inquiry, the owner of a tract of land wrote a real-estate agent: "I will sell the N. E. ¼ . . . for $2,800 net to me. This for immediate acceptance." And signed his name. *Held,* not to constitute authority for such agent to bind the owner by a written contract to sell to a third party.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed June 7, 1919. Affirmed.

*I. N. Jett,* of Elk City, and *Thomas E. Wagstaff,* of Independence, for the appellant.

*C. B. Crawley,* of Howard, *S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the appellee; *Chester Stevens,* of Independence, of counsel.

The opinion of the court was delivered by

WEST, J.: In answer to an inquiry, the defendant wrote to L. B. Davis:

"T. W. MARSHALL & CO.,
INVESTMENTS.

WILLIAM CHALFANT, JR.

WEST CHESTER, PA., April 20, 1918.

*Mr. L. B. Davis, Elk City, Kan.:*

DEAR SIR—I have your letter of April 17, and note contents. I will sell the N. E. ¼ of 22-31-13, Elk county, Kansas, for $2,800 net to me. This for immediate acceptance.            Yours truly,

WILLIAM CHALFANT, JR."

The plaintiff, J. M. Cox, alleged that he entered into a written agreement with Davis, agent for Chalfant, for the sale of the property for $2,800, paying $500 cash, with an agreement to furnish abstract of title to the land "showing title to be perfect and clear of all incumbrances or liens of any kind or nature."

"It is also agreed to by the second party upon the delivery of said deed and abstract to pay over to the said first party through the First National Bank of Elk City, Kan., acting as agent for the first and second parties, the remainder, $2,400 balance due.          L. B. Davis,

Agent for William Chalfant, jr.,

J. M. Cox."

Failure of the defendant to comply was alleged. To this petition a demurrer was sustained, and the plaintiff appeals. It is said that the demurrer was sustained because Davis had no written authority to bind Chalfant, and that the contract, therefore, was within the statute of frauds. While the agent might have claimed his commission for procuring a purchaser, we do not find any authority for him to enter into any contract of sale on behalf of the owner. Assuming that Davis was known to Chalfant to be a real-estate agent, the letter amounted to a listing of the property for sale on the terms set forth, and "a real-estate broker or agent . . . has no implied authority to bind the principal by signing a contract of sale." (*Sullivant v. Jahren*, 71 Kan. 127, syl. ¶ 1, 79 Pac. 1071.)

The terms of the contract, at least as to the abstract, the place of payment, and the mutual agency of the Elk City Bank, were not embraced in the letter. In *Greenawalt v. Este*, 40 Kan. 418, 19 Pac. 803, it was held that the agent, in the absence of any stipulation, had no authority to make the purchase price payable elsewhere than at the place of the owner's residence. But aside from these matters, the authority of the alleged agent was no broader than the quoted letter. That document is a statement of a willingness to sell on the terms specified, but does not attempt or purport to clothe the addressee with any power to make a contract of sale for the writer. Indeed, the contract itself states that it is between Cox and Davis, agent for William Chalfant, or Chalfant's heirs, and is not signed Chalfant by Davis, agent, but Davis, agent for William Chalfant, jr. Hence, neither the letter nor

Bank v. George.

the contract, presumably prepared by Davis, shows authority or expresses an attempt to contract in the name of the defendant. In *Helling v. Darby,* 71 Kan. 107, 79 Pac. 1073. the owner wrote to the real-estate agents:

"I must have $1,600 (sixteen hundred dollars) in cash. You can have all you get over and above that, and I reserve the crop."

It was said:

"The letter written by Darby to plaintiffs did not give to the latter an exclusive right to sell the land, nor did it authorize them to enter into a contract of sale in Darby's name which would be binding on him. They were empowered to find a purchaser only." (p. 108.)

(See, also, *Brown v. Gilpin,* 75 Kan. 773, 90 Pac. 267, and cases cited; *Corley v. Ehlers,* 99 Kan. 748, 163 Pac. 140; *Schuhmacher v. Lebeck,* 103 Kan. 458, 173 Pac. 1072; *McCarter v. Rogers,* 104 Kan. 204, 178 Pac. 621.)

In *Singleton v. Hill and others,* 91 Wis. 51, relied on by the plaintiff, the owner wrote a letter to his agent accepting an offer made by a purchaser, and after notification of such acceptance by the agent, who received a payment and put the purchaser in possession, the seller conveyed to another who had knowledge of the facts. The letter making the offer, with the one accepting it, were properly held a sufficient memorandum under the statute of frauds as it then existed in Wisconsin; but the decision is not applicable to the situation presented by the record now before us.

The demurrer was properly sustained, and the ruling is affirmed.