No. 23,372.

CHARLES C. SPIHER, *Appellee*, v. MRS. O. E. JOHNSON *et al.,*
*Appellants.*

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*No Completed Contract Alleged—Demurrer to Peti-*
*tion Erroneously Overruled.* In an action for specific performance the
correspondence of the parties consisting of letters and a telegram, is con-
sidered, and *held* not sufficient to constitute a contract for the sale of the
lands, and that it was error to overrule a demurrer to the petition.

Appeal from Gove district court; ISAAC T. PURCELL, judge. Opinion filed
January 7, 1922. Reversed.

*C. A. Spencer,* and *C. Earl Currah,* both of Oakley, for the appellants.
*J. H. Jensen,* and *R. H. Thompson,* both of Gove, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an appeal from an order overruling defend-
ants' demurrer to the petition, and from an order overruling their
motion to dissolve plaintiff's attachment.

The action was to compel the specific performance of an alleged
contract for the sale of lands. In substance the petition alleges that
Oscar E. Johnson died intestate in Carrol county, Illinois, owning
lands in Gove county, Kansas, and that no administrator had been
appointed of his estate; that defendant, Mrs. Johnson as the widow
of Oscar E. Johnson, deceased, owned an undivided one-half inter-
est in the lands, and that the other defendants owned various in-
terests therein as children or grandchildren of the deceased; that in
May, 1920, the plaintiff and Mrs. Johnson interchanged letters and
telegrams, copies of which were attached to the petition, and it is
alleged that these communications constitute a valid and binding
contract in writing between the plaintiff and Mrs. Johnson on be-
half of herself, and for the other defendants for the sale to plaintiff
of their respective interests in the lands.. It was alleged that de-
fendants refused to comply with the terms of this contract although
the plaintiff was, and still is ready and able to pay the full consider-
ation mentioned, and to assume a certain mortgage and interest and
taxes referred to in the alleged contract.

The plaintiff asked the court for a judgment ordering Mrs. John-
son (on her own behalf and as guardian of certain defendants who
are minor heirs), to join with the other defendants in a deed convey-

ing the lands to plaintiff; and in default of their compliance with the order that the sheriff of Gove county be ordered to execute the deed upon plaintiff's payment of the consideration to the clerk of the court. At the time the action was brought the plaintiff procured an attachment which was levied upon the land. The whole question turns upon the effect of the following correspondence:

"Gove, Kansas, May 7th, 1920.

"*Mrs. Oscar E. Johnson, Milledgeville, Ill.:*

"Dear Mrs. Johnson—I find in looking up on section 31-12-31 that your husband O. E. Johnson has died and that you have sold the west half of this section, and I am writing you to see if you care to sell the other half section, I have a friend that could use it and think that I can get you at least $1,000 above the mortgage you pay the taxes and interest up to date.

"Please let me hear from you at once in regard to this as he might find something in the meantime so let me hear at once.

"Very truly yours,     Chas. C. Spiher."

"*Mr. Chas. C. Spiher:*                    "Milledgeville, May 11, 1920.

"Dear Sir—Your letter at hand and will say that I desire to sell the other 1-2 section but will say that $1,000 is to low. There is a little more land in this 1-2 and I or we must have $1,500 as our equity, the buyer to pay the mortgage & interest for the past three years also taxes if they have not been payed on the whole section.     Respectfully,   Mrs. O. E. Johnson."

"*Mrs. Oscar E. Johnson, Milledgeville, Ill.:*            "May 13, 1920.

"Your letter received will take land on your proposition letter of instructions following.                    Chas Spiher."

"*Mrs. O. E. Johnson, Milledgeville, Ills.:*             "May 14, 1920.

"Inclosed you will find a deed to your undivided one-half interest in the land you wrote me about also petition to Probate Court for authority to sell said land I have hired an Attorney here to look after this a Mr. J. H. Jensen, Gove, Kansas.

"I would ask you to sign said to your interest and sign the petition before a notary public and return either to me, Mr. Jensen or the exchange State Bank here you can suit yourself in this matter. It will take several weeks before this can all be settled as it will have to be advertised but I wish that you would do all in your power so that it can be fixed up shortly.

"Please give me the names of all the heirs so that if any of them are of age I can have Mr. Jensen prepare deeds for them to sign.

"As soon as the papers are all O. K. I will pay the money over to the bank here for you, so I suppose that it would be just as well for you to send papers to the bank here for your convenience.

"I wired you yesterday that I would take your land and am writing you now confirming said telegram and also giving you instructions.

"Hoping that this will be speedily closed I am,

"Yours very truly,     Chas. C. Spiher."

Spiher v. Johnson.

"P. S.—Please send me the names of the party holding the mortgage as I want to write them in regard to the amount due on same.          C. S."

After the plaintiff received Mrs. Johnson's letter of May 19, informing him that she had sold the land, he brought the action.

Manifestly the demurrer should have been sustained. The plaintiff was unable to state a cause of action without relying upon the correspondence, and that established beyond question that he had no contractual relations with Mrs. Johnson, or with the other defendants. Mrs. Johnson owned an undivided one-half interest in the land and the other defendants had separate interests. It is not even alleged that Mrs. Johnson was the agent of the other defendants duly authorized in writing to bind them to a contract to sell their interests in the lands.

That the correspondence never constituted a contract binding Mrs. Johnson to convey her interest is quite obvious. The minds of the parties never met on any proposition. Until she received plaintiff's telegram stating "I will take land on your proposition," there had been no intimation in any of the correspondence that the plaintiff had in mind becoming the purchaser himself. In his first letter he wrote that he had "a friend" that could use it and he desired to hear at once lest this friend might find something that suited him better. A written communication from the owner of real estate to another stating the terms upon which he would sell does not amount to an offer at large which may be accepted by any person. (*Wiggam v. Shouse,* 105 Kan. 637, 185 Pac. 896; *Cox v. Chalfant,* 105 Kan. 127, 181 Pac. 548; *Corley v. Ehlers,* 99 Kan. 748, 163 Pac. 140.)

Besides, if plaintiff had been frank in his first letter and had said that he desired to purchase the lands, and Mrs. Johnson had written the letter she did, his telegram and the two letters would not have constituted a contract binding Mrs. Johnson, for the reason that the so-called letter of confirmation imposed various conditions upon the other party with respect to matters about which nothing had been said in the previous correspondence. One requirement which he made has been held sufficient of itself to prevent a contract, until accepted by the seller. When the deed, abstract and other papers were satisfactory to him, he proposed to deposit the purchase money in a bank, where he lived, "for you." Before the correspondence would constitute a contract, Mrs. Johnson must have accepted the new conditions.

Where nothing is said as to the place of payment, it is presumed to be where the seller lives or does business, and not where the buyer is. In this case Mrs. Johnson might well have said that she would not agree to a contract obligating her to execute a deed to be delivered upon the payment of the consideration by depositing the money to her credit in a bank a thousand miles from where she lived; and that if the money was to be deposited in a bank, she would name the bank. It sometimes happens that disputes arise after the papers have been delivered, and the purchaser immediately after depositing the consideration in his local. bank brings suit against the seller and attaches the money on some claim, such as that he found a third party in possession, or that some provision of the contract has been violated by the seller, and the latter finds himself in a lawsuit brought in a foreign jurisdiction which he must defend and win before he actually receives the consideration for the sale of his lands. If defendants had made a written offer to sell the lands to plaintiff, his letter introducing a new condition would have destroyed the effect of his alleged acceptance because the defendants in that case would have had the right to accept or reject the new terms and conditions, and until they did accept there could be no contract. In order to constitute a binding contract resulting from an acceptance of an offer to sell real estate, the terms of the offer must be unconditionally accepted. (*Wiggam v. Shouse,* supra; *Cox v. Chalfant,* supra; *McCarter v. Rogers,* 104 Kan. 204, 178 Pac. 621; *Trust Co. v. Hardesty,* 68 Kan. 683, 75 Pac. 1115; *Greenawalt v. Este,* 40 Kan. 418, 19 Pac. 803; *Investment Co. v. Grimes,* 109 Kan. 522, 200 Pac. 296.)

It was held in *Cox v. Chalfant,* supra, which was an action to compel specific performance of a contract for the sale of lands, that because the plaintiff imposed certain conditions in his acceptance which required the vendor to furnish an abstract of title and fixed the place of payment and made a bank where the plaintiff lived the mutual agent of both parties, the correspondence did not constitute a contract and that the court correctly sustained a demurrer to the petition. (See, also, *Greenawalt v. Este,* supra, where the difference in the terms offered and those accepted involved the place of payment.)

The judgment will be reversed and the cause remanded with directions to sustain the demurrer, dissolve the attachment, and render judgment in favor of the defendants for costs.