## No. 30,397.

H. K. HALLARD, *Appellee,* v. C. J. KINNEY et al., *Appellants.*

(10 P. 2d 836.)

Opinion filed May 7, 1932.

*Z. Wetmore* and *George M. Ashford,* both of Wichita, for the appellants.

*Jean Madalene, W. A. Ayres, A. M. Cowan, C. A. McCorkle, J. D. Fair, R. S. Elder, Dale M. Bryant* and *Frank Nighswonger,* all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose several mechanics' and materialmen's liens. Judgment was for plaintiffs and certain cross petitioners who claimed liens. Defendant appeals.

The case turns upon the interpretation to be given a contract to repair a house. The first paragraph of this contract was as follows:

"This agreement made and entered into this 14th day of March, 1930, by and between Hallard and Fuller, contractors, in Wichita, Sedgwick county, Kansas, party of the first part, and C. J. Kinney, Wichita, Sedgwick county, Kansas, party of the second part, witnesseth:"

Another clause was as follows:

"The said party of the first part agrees to furnish all the material for such construction and repairs of said building as may be required by the plans and

specifications aforesaid, and further agrees that he will not permit or cause any lien to be filed against the property by reason of any work or material that may be done or furnished in connection with such remodeling, it being understood and agreed by the parties that the contract price is to be eighteen hundred ($1,800) dollars for a turnkey job and the party of the first part has satisfied himself that the loan company will handle a loan when the job is complete and that there is no money to be paid by the parties of the second part, but that the loan is to be secured and the payment made therefrom. Geo. E. Hasty is to be the judge as to whether or not the work has been done in a workmanlike manner and this contract satisfactorily complied with."

The contract was signed by H. K. Hallard, party of the first part, and C. J. Kinney, party of the second part.

We have no question before us as to whether the contract was fully complied with since under the pleadings the judgment in favor of appellees is a finding of all disputed questions of fact in their favor. The house was duly repaired and is now being rented and is bringing in an income to appellant.

Appellant points out first that by the first paragraph of the contract in question it purports to be between Hallard and Fuller, contractors, parties of the first part, and C. J. Kinney, party of the second part. He then points out that it was not signed by Fuller, but only by Hallard and Kinney. He points out that there can only be a lien under and by virtue of a contract with the owner of the real estate. He argues that since the contract purported to be the contract of Hallard and Fuller and was signed only by Hallard it was no contract at all, and hence cannot be made the basis for liens.

The contract was fully performed by Hallard. This suit is here because Kinney was unable to secure a loan sufficient to pay the cost of the remodeling and repairing. Under the circumstances we have concluded that the case is one for the application of the rule laid down in *Boyd v. Colgan,* 126 Kan. 497, 268 Pac. 794. There the court, in considering a lease that had been made to two persons and signed by only one of them, said:

"It is quite correct that a binding contract is not effected where a person merely signifies his willingness to contract with two designated persons and that proffered agreement is accepted by only one of them, or by one of them and a third, or by third persons to whom the offer was not made. It is every man's right to select the persons with whom he will enter into contractual relations. (*Corley v. Ehlers,* 99 Kan. 748, 163 Pac. 140; 1 Page on Contracts, par. 193; 13 C. J. 273; 39 Cyc. 1203.) But it is also the privilege of an offerer to waive any terms prescribed by him as a basis for his assent to a proposed

agreement; and when defendant signed and acknowledged this contract and permitted it to be recorded, although it only contained plaintiff's signature and his own, and when he received from plaintiff the sum of $20 as part of the first year's rental and retained it, this court is constrained to hold that the want of Campbell's participation in the contract was waived and the agreement became effective between the signatories thereto." (p. 499.)

Where appellant permitted Hallard to enter upon the performance of the contract and watched him as he completed its performance and now is enjoying the fruits of the contract to the full extent, it would be a harsh rule which would hold that the property which had been enhanced in value by the labor and materials of appellees was not subject to a lien to pay for this labor and material.

Appellant waived the failure of Fuller to participate in the execution of the contract when he permitted these things to occur.

Appellant points out the clause of the contract heretofore quoted, wherein the party of the first part agrees that he will not permit or cause any mechanics' liens to be filed against the property. He argues that the subcontractors, appellees herein, were bound to take notice of that clause in the contract and hence can have no liens under its terms.

This clause in the contract is coupled with a promise on the part of Kinney to obtain a loan on the building sufficient to pay the contract price. Kinney did not obtain this loan. Whether it was because of the fact that he had no income or because he was, shortly after the completion of the building, declared incompetent and a guardian appointed for him, we do not know. What we do know is that relying on the promise to secure a loan and pay the contract price appellees here furnished sufficient labor and materials to complete the building, and appellant is now enjoying the fruits of the labor and material. We have concluded that this is a case for the application of the equitable principles with reference to a mechanics' lien that are laid down in *Mercantile Co. v. Investment Co.,* 100 Kan. 597, 165 Pac. 279. There the court said:

"While mechanics' liens and the rights thereunder are statutory, their foreclosure and adjustment are not governed exclusively by the rigid rules of law, but to them also apply the familiar principles of equity." (Syl. ¶ 7.)

Kinney knew while appellees were furnishing the materials and performing the labor that he was not going to be able to get the loan. There can hardly be a more inequitable proceeding imagined than to hold that while knowing this he could permit appellees to

furnish the labor and material necessary to complete the building and still have the property free from any lien. This contention of appellant is not good.

There is a point made by appellant that appellees were permitted to introduce a copy of the contract in question without sufficient proof that the original was lost. This point is not good.

The judgment of the district court is affirmed.