### ZELIGSON v. HARTMAN–BLAIR, Inc., et al.

#### No. 2653.

Circuit Court of Appeals, Tenth Circuit.

May 7, 1943.

Grover C. Spillers, of Tulsa, Okl. (Roy H. Wasson, of Wichita, Kan., on the brief), for appellant.

Robert C. Foulston, of Wichita, Kan. (George Siefkin and John F. Eberhardt, both of Wichita, Kan., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Kansas sustaining motions to dismiss plaintiff's cause of action on the ground that the complaint failed to allege facts sufficient to state a cause of action against the defendants.

So far as material to the question presented by this appeal, the complaint in substance alleged that the defendants, W. L. Hartman and H. H. Blair, were the principal stockholders and officers of the defendant corporation; that plaintiff had been informed that defendants were the owners of an undivided one-half interest in an oil and gas property and would be interested in procuring a purchaser therefor; that he had a personal interview with each of the defendants and that, acting as individuals and as officers of the corporation, they orally agreed with him that they would sell their interest in the property to any purchaser produced by him, for $150,000 net to them; that he procured a purchaser ready, willing, and able to purchase for that sum and on the terms proposed by the defendants, but that they, after having orally agreed to accept the purchaser, refused to complete the sale. The complaint further alleged that at the time plaintiff produced the purchaser he informed defendants that he was to receive a commission from the purchaser of $7,500, and that by reason of the defendants' failure to complete the transaction, they became indebted to him for the $7,500 commission which the purchaser had agreed to pay.

The decision turns upon whether the alleged oral contract was sufficient as a contract by the defendants employing the plaintiff to procure for them a purchaser for their property. It is of no significance that defendants had not agreed to pay plaintiff any commission. If, as their agent, he produced a purchaser who was ready, willing, and able to purchase the property on the terms proposed by them, defendants could not refuse to complete the transaction and deprive him of the commission he had earned and which was to be paid him by the purchaser. Such a refusal would compel defendants to respond in damages to the extent of the commission plaintiff had lost thereby.

It is a well settled principle of law, which needs no citation of authority to support it, that where an owner, in response to an inquiry from a broker, merely states the terms upon which he is willing to sell his property, he does not become liable for a commission if the broker produces a purchaser. Under such circumstances, the broker is a mere volunteer and the owner owes him no duty whatsoever. But according to the allegations of the complaint the defendants in this case went further and agreed with the broker that they would sell to any purchaser he produced who was willing and able to buy on their terms. This constitutes more than a response to a voluntary solicitation of information.

An agency may result from express agreements, or it may be implied from the words or conduct of the parties. 2 Am. Jur., Agency, § 85.

" * * * authority to do an act may be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." Am. Law Institute, Restatement of Agency, § 26.

In Johnson v. Huber, 80 Kan. 591, 103 P. 99, 100, the facts were very similar to those in this case. A real estate agent wrote to the owner as follows: "We find by the records that you are the owner of * * *. We write to know if you will sell the eighty and what is the least cash it will take to buy it. We charge 5 per cent. for the $1,000 and 2½ per cent. all over that amount, so give us the price including the commissions. We often have inquiries for tracts of this size. * * *"

To this, the owner replied: " * * * I would say that my price * * * is $2,000 net to me."

The court held that the transaction constituted a listing.

The court said: "We have no difficulty in determining that the first letter and the reply should be construed as a contract authorizing the plaintiff to find a purchaser

for the land, the price to be $2,000 cash, net, * * *."

In Wiggam v. Shouse, 105 Kan. 637, 185 P. 896, Wiggam was the agent of the owner for the purpose of extending a mortgage. During these proceedings, he wired the owner as follows:

"We understood that you want to sell this farm and was asking something like $8,000.00. We took a man to look at it who stated that he would give $7,500.00. We thought we would wire you and it might be that you would want to accept that sale before taking the mortgage money.

"Upon receipt of this communication wire at our expense if you want to sell and if you want to accept $7,500.00."

The owner wired in reply: "Will take $8,000 net cash or $7,500.00 and keep the crop or complete the loan."

Wiggam produced a purchaser and signed the owner's name to a contract. The Supreme Court held that the transaction amounted to a listing of the property for sale, but that it did not authorize the agent to execute a contract of sale.

In Cox v. Chalfant, 105 Kan. 127, 181 P. 548, an owner of real estate, in response to an inquiry from a real estate agent, wrote as follows: "I will sell the N. E. ¼ * * * for $2,800 net to me."

The agent procured a purchaser and signed the owner's name to a contract. The action was by the purchaser for the specific performance of the contract. Recovery was denied, but the Supreme Court in the opinion said: "While the agent might have claimed his commission for procuring a purchaser, we do not find any authority for him to enter into any contract of sale on behalf of the owner. Assuming that Davis was known to Chalfant to be a real estate agent, the letter amounted to a listing of the property for sale on the terms set forth."

■ We think that these pronouncements by the Supreme Court of Kansas lend support to the conclusion we have reached,

that the alleged conduct of the defendants amounted to more than merely giving information to inquiries by a volunteer. The agreement to sell the property for $150,000 net to any purchaser that plaintiff might produce in effect amounted to a listing of the property with him. Defendants must have known and understood that, relying upon their agreement, plaintiff would go out and expend time, effort and money to bring them a purchaser. The effect of the alleged agreement was to authorize plaintiff to procure a purchaser who would buy the property from them on their stated terms.

According to the allegations of the complaint, plaintiff produced such a purchaser, and while defendants could refuse to sell, such action on their part would amount to a breach of their contract with him and would subject them to such damages as he might establish.

■ In further support of the judgment, it is urged that the plaintiff is estopped from maintaining this action by a former action which he instituted against the same parties on this same transaction, in which it is claimed he assumed a position inconsistent with the one which he now takes. We take judicial notice of proceedings in our own court, and are mindful of the fact that appellant prosecuted an appeal from an adverse judgment in a former action by him and that the former action was founded upon a written contract. Zeligson v. Hartman-Blair, Inc., 10 Cir., 126 F.2d 595. No doubt that judgment will present itself as a barrier at some stage of this case, but whether plaintiff can hurdle it cannot be determined on a motion directed to the sufficiency of the complaint. Res judicata, estoppel, or any other matter constituting an avoidance or affirmative defense must be affirmatively pleaded. Rule 8(c), Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Such defenses may not be raised by a motion addressed to the sufficiency of the complaint.

Reversed and remanded, with directions to reinstate plaintiff's complaint.