No. 47,079

Shirley Desemo, *Appellant*, v. Ruby Page, *Appellee*.

(515 P. 2d 741)

Opinion filed November 3, 1973.

*John E. Fierro*, of Bernie D. Frigon, Chartered, Dodge City, was on the brief for the appellant.

*Harry A. Waite*, of Minner & Waite, Dodge City, was on the brief for the appellee.

*Per Curiam:* The plaintiff is a real estate broker who claims a commission for selling a house owned by the defendant. The trial court entered summary judgment for the defendant and plaintiff has appealed.

In her petition the plaintiff alleged that she was employed by defendant to sell the house; that she showed it to a prospective purchaser who later purchased the property; and that she was the efficient and procuring cause of the sale.

Plaintiff's own deposition discloses that she called the defendant at the request of a prospective buyer and asked for permission to show her home; that she further asked the price and defendant stated if she had to pay a commission the price was $28,000; that the defendant showed plaintiff and her prospect through the house; that there were no further contacts between defendant and plaintiff; and that there was no discussion of a listing on the house or the amount or rate of any commission. The defendant later sold the house to the prospect at a reduced figure.

In *Gleichenhaus v. Pratt*, 190 Kan. 1, 5, 372 P. 2d 273, this court cited the applicable rule of law from 12 C. J. S., Brokers, § 60, p. 134:

"The right of a broker to recover commissions or other remuneration for his services must be predicated on a contractual relation; he must have been employed to negotiate the contract or transaction in connection with which his services were rendered; and the employment must have been by the person from whom the commission is claimed or by some one acting for him. Where there is no employment or binding contract for the payment of commissions and the broker acts as a mere volunteer, he is not entitled to compensation for his services, although such services are the efficient cause of

bringing the parties together and result in a sale or other contract between them."

This principle is well stated in *Zeligson v. Hartman-Blair,* 135 F. 2d 874, 875, (10th Circuit), where the federal court said:

"It is a well settled principle of law, which needs no citation of authority to support it, that where an owner, in response to an inquiry from a broker, merely states the terms upon which he is willing to sell his property, he does not become liable for a commission if the broker produces a purchaser. Under such circumstances, the broker is a mere volunteer and the owner owes him no duty whatsoever. . . ."

In our opinion the case was ripe for summary judgment. The plaintiff's own testimony set forth in her pretrial deposition fully covered the facts relating to the alleged employment. Her evidence failed to establish that she was employed to sell or was authorized to act for the defendant in selling the house; it showed, in fact, the contrary. There being no genuine issue as to the material facts, the trial court properly sustained the motion for summary judgment. *(DeBauge Bros., Inc. v. Whitsitt,* 212 Kan. 758, 512 P. 2d 487.)

The judgment of the trial court is affirmed.