838 F.2d 468
 10 Fed.R.Serv.3d 371
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
U.S. HEALTH, INC.; Holiday Universal of Rockville, Inc.;
Holiday Universal, Inc., Plaintiffs-Appellants,
v.
Susan COHEN, Defendant-Appellee.
 No. 87-1601.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 6, 1987.
Decided: Jan. 15, 1988.
 
 David Elia Manoogian (Jean M. Jones; Beckett, Cromwell & Myers, P.A., on brief), for appellants.
 Sharon V. Burrell, Assistant County Attorney (Paul A. McGuckian, County Attorney; Bruce P. Sherman, Senior Assistant County Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, MURNAGHAN, Circuit Judge, and FRANK A. KAUFMAN, Senior United States District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 The district court dismissed plaintiffs' complaint alleging violations of 42 U.S.C. Secs. 1983 and 1985 and pendent state law causes of action on the ground that their allegations were lacking in specificity, and denied them leave to amend. Plaintiffs appeal, and we reverse and remand for further proceedings.
 
 I.
 
 2
 Plaintiffs are three corporations which operate health spas as part of the system known to the public as "Holiday Spa." Defendant is employed as an investigator in the Office of Consumer Affairs (OCA) of Montgomery County, Maryland. Defendant is sued individually and as a government employee. Plaintiffs allege generally that defendant's wrongful conduct was taken under color of state law and that:
 
 
 3
 her actions and conduct violated the civil rights and constitutional rights of the Plaintiffs by Defendant's conduct including but not limited to the following:
 
 
 4
 a. The number of alleged consumer complaints which Defendant has initiated against Plaintiffs;
 
 
 5
 b. Defendant's activity in seeking relief from Plaintiffs (as respondents in alleged consumer complaints) which relief was not requested by the allegedly complaining consumer;
 
 
 6
 c. By filing against your Plaintiffs alleged consumer complaints for which there was no basis either in fact or in law;
 
 
 7
 d. By filing against your Plaintiffs as respondents in alleged consumer complaints seeking relief which clearly violated written contracts between your Plaintiffs and the consumer;
 
 
 8
 e. Processing alleged consumer complaints in a manner and procedure which violated the enabling statute, Title 11 of the Montgomery County Code;
 
 
 9
 f. By processing alleged consumer complaints in a manner which was ultra vires and in violation of the enabling statute for OCA;
 
 
 10
 g. By processing alleged consumer complaints against your Plaintiffs in a different manner and procedure than other consumer complaints which did not involve your Plaintiffs.
 
 
 11
 Plaintiffs further allege that defendant is not entitled to any immunity and that their constitutional rights to do business without unlawful interference, their property rights, their rights to due process and equal protection of the laws and their rights to good faith and non-capricious and non-arbitrary application of the law have been violated.
 
 
 12
 In addition to these general allegations which are made applicable to each alleged cause of action, plaintiffs specifically allege with respect to their claimed cause of action under 42 U.S.C. Sec. 1983 that defendant under color of statute and state law deprived them of their federal constitutional and statutory rights. With regard to their claim under 42 U.S.C. Sec. 1985, plaintiffs allege that defendant "conspired" with two or more persons to deprive them of equal protection of the laws, but they make no allegation of the identity of such other persons. With respect to their pendent state claim of malicious abuse of public office, plaintiffs allege that defendant "maliciously and unlawfully and without any government immunity" interfered with their right to pursue a lawful business, trade or occupation. Finally with regard to their pendent claim of negligence, plaintiffs allege that "in the dispatch of her responsibilities [defendant] did negligently and carelessly and without any governmental immunity, interfere with the Plaintiffs' right to pursue a lawful business trade or occupation."
 
 
 13
 In granting defendant's motion under Rule 12(b)(6), F.R.Civ.P., the district court noted the allegations quoted above. It deemed them "conclusory allegations" and said that plaintiffs "have stated no facts to support them." It ruled that "[t]his lack of particularity is fatal to their claims", and that "specificity is particularly necessary where what is being alleged is an abuse of a public official's discretionary authority and where the effect of the lawsuit may be to chill enforcement of state laws and regulations." Having concluded that plaintiffs failed to allege a federal cause of action, the district court declined to exercise pendent jurisdiction over the state claims. Because plaintiffs were represented by experienced counsel, the district court denied leave to amend, ruling that in a suit of this nature having an in terrorem effect on law enforcement officers, "it is incumbent upon a plaintiff to set forth from the outset precisely the facts upon which it relies."
 
 II.
 
 14
 The requirements for a legally sufficient complaint are set forth in Rule 8(a), F.R.Civ.P. which in relevant part provides the following:
 
 
 15
 A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds under which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.... (emphasis added).
 
 
 16
 The purpose and application of the "short and plain statement of the claim" requirement of Rule 8(a) has been so thoroughly explored that there is no need for us to treat it elaborately. It suffices to say that the sole purpose of Rule 8 pleading is to give notice "sufficient to advise the other party of the event being sued upon." See 5 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1202 at 60 (1969 Ed.); 2 A Moore's Federal Practice p 8.13. We and the Supreme Court have said that pleadings do not fail to give sufficient notice in compliance with Rule 8 unless " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " McLain v. Real Estate Board of New Orleans, 444 U.S. 232, 246 (1980) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); District 28, United Mineworkers of America v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4 Cir.1979). As the authorities amply demonstrate, other provisions of the Federal Rules--motions for more definite statements, interrogatories, depositions, requests for admissions, pretrial conferences--provide the means for the opposite party to obtain the facts of the claim against him once fair notice of the claim has been given. Despite the district court's suggestion to the contrary, the Supreme Court has said that Title VII actions are not entitled to special status under Rules of Civil Procedure governing pleading. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50 (1984). We deem this holding also applicable to other actions seeking redress of an alleged denial of civil rights.
 
 III.
 
 17
 In applying this standard to determine the legal sufficiency of plaintiffs' complaint under Rule 8(a), we readily agree that this complaint is not a model of clarity. Despite its preparation by counsel, it is not "short and plain." Yet we cannot say that it fails to put defendant on notice of the cause of action that plaintiffs assert. We read the portions of the complaint that we have quoted as alleging that defendant has initiated an excessive number of customer complaints against plaintiffs, that she has been overzealous in her alleged protection of the rights of customers, that she has asserted groundless complaints against plaintiffs, that she has asserted complaints in violation of plaintiffs' contractual rights, that she has not observed state and county law in processing customer complaints, and that she has not administered with an even hand with regard to customer complaints against plaintiffs, all to the end that plaintiffs have been denied due process and equal protection of the law. Thus we think that the complaint sufficiently apprises defendant of the wrongdoings with which she is charged, and it should not have been dismissed. Defendant will have full opportunity after the Rule 12(b)(6) motion is denied to avail herself of the discovery procedures established by other provisions of the Rules of Civil Procedure to flesh out the charges against her and to discover their evidentiary base.
 
 
 18
 We are of course aware from the nature of the action as well as plaintiffs' allegations anticipatory of the defense, that defendant may be entitled to the defense of qualified privilege. Our conclusion that the complaint should not be dismissed on motion under Rule 12(b)(6) does not necessarily mean that defendant will be subjected to a full trial and denies a defense to which she is entitled. Once she is apprised of the evidentiary basis for the charges lodged against her, she can readily raise the defense by motion for summary judgment. If she can establish that the material facts are not genuinely disputed and that she is entitled to judgment as a matter of law, judgment for her may summarily be entered.
 
 
 19
 REVERSED AND REMANDED.
 
 
 20
 MURNAGHAN, Circuit Judge, concurring in part and dissenting in part:
 
 
 21
 The majority concludes that the Rule 12(b)(6) dismissal was improper because the minimal notice pleading requirements of Rule 8(a) were met. I reluctantly join in that portion of the majority's opinion but note that the interpretation stretches the liberal construction policy to its limit.
 
 
 22
 I would, however, uphold the dismissal under Rule 12(b)(6) on another ground, viz., the complaint, even treated as adequate to get the plaintiff into court, itself sufficiently reveals that relief is unavailable because of the affirmative defense of qualified immunity. That is a defense entitled to special treatment differing from that accorded to defenses generally.
 
 
 23
 A number of early cases have held that a complaint containing a built-in affirmative defense could not, under generally applicable rules, be attacked by a motion to dismiss under Rule 12(b)(6). The complaint stood and the defendant had to raise the affirmative defense in the answer. See e.g., Zeligson v. Hartman-Blair, Inc., 135 F.2d 874 (10th Cir.1943).
 
 
 24
 The view, nevertheless, subsequently has given way so that now a complaint showing relief to be barred by an affirmative defense such as a qualified immunity can be dismissed under Rule 12(b)(6). In such a case the claim is adequately stated but in addition to the claim the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover. Immunity is an affirmative defense that has been considered on a motion to dismiss. 5 C. Wright and A. Miller, Federal Practice and Procedure Sec. 1357 n. 2 (1969). Green v. Maraio, 722 F.2d 1013 (2d Cir.1983), is illustrative of the cases.
 
 
 25
 The Green case noted that ordinarily the defense of qualified immunity could not support the grant of a Rule 12(b)(6) dismissal since the fate of an official with qualified immunity depended upon the circumstances and motivations of his or her actions, as established by the evidence at trial. Id. at 1018 (quoting Imbler v. Pachtman, 424 U.S. 409, 413 n. 13 (1976)). However, in Green the qualified immunity defense could be considered on a Rule 12(b)(6) motion because motivation was not an issue--the complaint itself alleged that the defendant court reporter acted pursuant to a judge's instructions--so the qualified immunity defense was conclusively established.
 
 
 26
 A change in law has subsequently occurred regarding when state officials have qualified immunity and resulted in a greater likelihood that a qualified immunity defense can be considered on a motion to dismiss. The two part test of objective and subjective good faith of Wood v. Strickland, 420 U.S. 308 (1975), has been replaced by the settled constitutional law test of Harlow v. Fitzgerald, 457 U.S. 800 (1982). Harlow purged the subjective good faith element, a state official is now entitled to qualified immunity unless his or her conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. The objective standard of reasonableness is judged in light of the law existing as of the date the action occurred and without regard to the official's subjective intent. Id.; Anderson v. Creighton, 107 S.Ct. 3034, 3039 (1987); Lane v. Griffin, --F.2d ---(4th Cir.1987). The contours of the right that the plaintiff claims was infringed must be sufficiently clear that a reasonable official would understand that what he or she was doing violated that right. Anderson, 107 S.Ct. at 3039.
 
 
 27
 Prior to Harlow, a plaintiff need only allege malice on the part of a defendant to overcome a qualified immunity defense considered on a motion to dismiss. Malice put in issue the subjective good faith of the official. Post-Harlow and Anderson a simple allegation of malice will not overcome the defense since subjective good faith is no longer an element of qualified immunity. Instead, to overcome the defense, the plaintiff must allege acts indicating violation of a clearly established statutory or constitutional right. Failure to make such an allegation is fatal to a complaint because without it a matter of avoidance is manifest.
 
 
 28
 Plaintiffs in the present case complain of interference with their constitutional rights to do business without unlawful interference, their property rights, their rights to due process and equal protection of the laws and their rights to good faith, and non-arbitrary application of the law. Included are generalized rights secured by the Constitution and in a sense the plaintiffs allege violation of clearly established federal rights. "But if the test of 'clearly established law' were to be applied at this level of generality it would bear no relationship to the 'objective legal reasonableness' that is the touchstone of Harlow." Anderson, 107 S.Ct. at 3039. The contours of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right. Id. Plaintiffs fail to allege violation of rights that were sufficiently clear that Cohen would know that what she did violated them. When plaintiff fails to allege "a violation of clearly established law, a defendant is entitled to dismissal before the commencement of discovery." Turner v. Dammon, 86-3628 (4th Cir.1987) (Wilkinson, J., and Winter, C.J.) (in circulation) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). Thus, plaintiffs' complaint includes a matter of avoidance that vitiates their ability to recover and the Rule 12(b)(6) dismissal should be affirmed.
 
 
 29
 In so concluding, I have given appropriate weight to the Supreme Court's admonition that qualified immunity should be addressed and its existence vel non decided as early in a case as possible since a defendant having such immunity should be spared the rigors of trial. Anderson, 107 S.Ct. at 3042 n. 6. The ultimate vindication after a full trial on the merits would not be enough. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985).
 
 
 30
 The result that I advocate is entirely consistent with, and even compelled by, Turner v. Dammon. Turner considers the scope of review by an appellate court in review of summary judgment motions denying qualified immunity. The opinion rejects the rule of the first and seventh circuits whereby only the allegations of the complaint are considered. Instead review by the Fourth Circuit will encompass the entire summary judgment record. The court reasoned that the purpose of qualified immunity requires that the court of appeals not confine itself to the complaint. Turner, slip op. at 8. It will seldom be difficult, the court stated, for a plaintiff to plead a violation of clearly established law. Thus, if only the complaint were considered on review of a summary judgment motion then qualified immunity would often fail on the basis of a bare allegation and the essential purpose of qualified immunity would be frustrated. In the present case, plaintiffs have failed even to make an allegation sufficient to overcome a qualified immunity defense.
 
 
 31
 The animating spirit of Turner is the necessity of deciding qualified immunity rulings as soon in the litigation as possible to give full effect to the purpose of qualified immunity. Qualified immunity exists to allow public officials to act with independence and without fear of consequences where their actions do not implicate clearly established rights. The purpose is frustrated whenever litigation lasts longer than necessary. Turner, slip op. at 6 (citing Harlow, 457 U.S. at 819).
 
 
 32
 The rule I advocate would allow consideration of qualified immunity one step earlier in the litigation than in Turner--on a motion to dismiss. The reasoning of Turner applies a fortiori. While it may be difficult for a plaintiff to plead a violation of clearly established law, plaintiffs in the present case have not done so. Defendants are therefore immune from suit. Since we are to settle qualified immunity issues as soon in the litigation as possible, I would settle it now.