NATIONAL BUSINESS AND PROPERTY EXCHANGE, INC., a corporation, et al., Plaintiffs,

v.

OKLAHOMA REAL ESTATE COMMISSION, Defendant.

Civ. No. 6533.

United States District Court
W. D. Oklahoma.
July 29, 1955.

---

Ralph B. Herzog, Beverly Hills, Cal., Dudley, Duvall & Dudley, Oklahoma City, Okl., for plaintiff.

Mac Q. Williamson, Atty. Gen., Lytle, Johnston & Soule, Oklahoma City, Okl., for defendant.

CHANDLER, Chief Judge.

The above entitled cause comes regularly on for trial on the 22nd day of June, 1955, the parties appearing in person through authorized representatives and by their respective counsel of record.

Thereupon, National Business and Property Exchange, Inc., a Delaware corporation, is made an additional party plaintiff, and thereupon the parties introduce their respective evidence; the matter is taken under advisement for consideration of defendant's motion to stay proceedings filed on June 21, 1955, and now this case comes on for entry of findings of fact, conclusions of law and judgment.

### Findings of Fact

The Court makes the following findings of fact:

1. The Court finds that plaintiff, National Business and Property Exchange, Inc., a California corporation, has, since the institution of this action, contracted to sell its assets to National Business and Property Exchange, Inc., a Delaware corporation (which transaction is not completed) and that the addition of the Delaware corporation as a party plaintiff is proper; that plaintiffs are both nonresidents of the State of Oklahoma and that defendant is an Oklahoma resident, and the amount in controversy exceeds the sum of $3,000, exclusive of interest and costs; that the Court has jurisdiction of the parties and the subject matter of this action and that this is a proper proceeding under the Declaratory Judgment Act (28 U.S.C. § 2201).

2. This action is not one involving any question of the constitutionality of the Oklahoma Statutes, nor any question of exceptional public interest or state public policy, and the Court in the exercise of its discretion should not stay proceedings pending any proceedings in any Oklahoma state court.

3. Plaintiff corporations, either one or both, are the publishers of "National Buyers' Guide" (hereinafter called the "Guide"), a magazine transmitted in interstate commerce under a second class mail permit under the category of "magazine"; that said Guide, in addition to articles of interest concerning various sections of the United States, carries within its covers extensive advertisements by individuals, firms and corporations for the sale or exchange of farms, ranches, businesses and income properties from all sections of the United States. The Guide is published and distributed monthly upon a national basis and has an average circulation of approximately 10,000 copies per issue. Distribution is free, upon written request only. Plaintiffs advertise extensively for these requests by radio, in magazines, and newspapers of local, sectional and national distribution. The advertisements appearing in the Guide are substantially the same or similar to the ads in the property and business for sale sections of the want ad sections of any local newspaper.

4. Plaintiffs' advertisers are individuals, firms and corporations who are interested in selling or trading a business, farm or other income property and who purchase advertising space in the Guide in order to publicize and exhibit their particular business or property through the medium of advertising to many thousands of prospective purchasers throughout the United States.

5. The cost of advertising in the Guide is based solely upon a fixed charge for the space requested. The charge therefor bears no relationship to the value of the business or property and is not contingent upon the sale thereof. The cost of the advertising space is payable regardless of whether or not the business or property is sold, and the charges therefor are in accordance with contract prices contained in written contracts between the advertisers and plaintiff corporations.

6. Copies of the Guide are furnished free of charge to real estate brokers throughout the United States upon written application requesting the same. Copies are likewise furnished free of charge to libraries, chambers of commerce and other similar institutions requesting the same in writing.

7. Plaintiffs, either one or both, compile, publish and distribute to individuals, firms or corporations who have purchased advertising space in the Guide, a compilation entitled "Confidential Report of

Buyers" (hereinafter called the "Report"). This compilation is distributed to plaintiffs' advertisers twice monthly. The Report is compiled from the names of individuals, firms and corporations who have responded to plaintiffs' national advertising program offering free distribution of the Guide and who have evidenced interest in purchasing a business or other property and who have requested copies of the Guide. This Report is equivalent to the "business wanted" or "properties wanted" subsection of the want ad section of any local newspaper.

8. Plaintiffs, either one or both, have for some time and do now, carry on extensive advertising campaigns in order to solicit and secure customers for the purchase of advertising space in the Guide and to procure circulation of the Guide among people who are interested in buying businesses, farms or other income property. Such advertising is done through the media of radio, newspapers, national magazines (such as "Life") and direct mail. I find as a fact that the only purposes of such advertising are to secure customers for advertisements in the Guide and to procure circulation of the Guide among people who are interested in buying businesses, farms or other income property, and that such advertising is not for the purpose of soliciting the sale or exchange of property. I further find that in none of such advertising do plaintiffs advertise or hold themselves out as being real estate brokers or real estate salesmen and that most of such advertising specifically advises that plaintiffs are not real estate brokers.

9. I further find that following favorable reaction to any form of advertisement or direct mail solicitation, a representative or representatives of plaintiffs, none of whom are real estate brokers or salesmen, personally call upon a prospective advertiser and if successful, procure a written agreement for an advertisement in the Guide. The contract for the advertising space is not effective until accepted by plaintiff at its home office in Los Angeles, California.

10. I find that every representative of plaintiffs who solicits advertising is furnished with plaintiffs' sales procedure policy; that such sales procedure policy is in writing and the representatives or salesmen are requested to sign the same and govern their activities in accordance therewith. This sales procedure policy indicates clearly that the plaintiffs' business should not be represented as that of selling, exchanging, renting or leasing properties or that the salesmen or plaintiff corporations are real estate brokers; that no appraisal of any business or income property should be undertaken and that the sale price of the property is strictly up to the prospective advertiser and that such prospective advertiser is free to deal with any prospective buyer or to make any contracts or arrangements with any real estate broker or salesman of his choice and that the plaintiffs have no interest or connection therewith.

11. The evidence is clear, and there is none to the contrary that the personal solicitation by plaintiffs' representatives is carried on in accordance with said sales procedure policy, and I find that to be a fact, and I further find that no sales of advertising are made contingent upon the ultimate sale of the business or property so advertised, and that the cost for advertising space bears no percentage or other relationship to the asking price for the business or property or ultimate sale price, and further that the cost of the advertising is due and owing to plaintiffs regardless of any sale.

12. The contract for advertising space is clear and explicit and specifically provides that plaintiffs are not real estate brokers; and it is clear from said contracts that the only service being rendered by plaintiffs is the publication and distribution of an advertisement in the Guide of the kind and type chosen by the advertiser and a further agreement to furnish the customer with copies of the Report. I find that a reasonable person reading and executing any of plaintiffs'

advertising contracts would clearly understand that he was not "listing" his property with plaintiffs for sale, that plaintiffs were not therein agreeing to sell, exchange, rent or lease his property or the improvements thereon, and that plaintiffs were not thereby agreeing to negotiate, attempt to negotiate or hold themselves out as engaged in any such activity with respect to the advertiser's property.

13. I further find that all advertising contracts are accepted in writing by plaintiffs in the home office in Los Angeles, California, and that each acceptance letter relates only to the advertising space purchased in the Guide and does not advise the advertiser, either directly or by implication, that the advertisement is a "listing" of the property or that the plaintiffs agree to sell, exchange, rent or lease such business or property or any improvements thereon or that plaintiffs will negotiate any such activities or that plaintiffs hold themselves out as engaged in any such activities.

■ 14. I further find as a fact that other than advertising for requests for the Guide, soliciting advertisements therein, and furnishing advertisers with the Report, neither plaintiffs nor any of their representatives perform any act or function of any kind or character in connection with any negotiations, correspondence or other related matter pertaining to the ultimate sale or disposition of the business or property advertised in the Guide; and that said Guide and Report are substantially the same or similar to the want ad sections of any local newspaper.

### Conclusions of Law

Upon the foregoing findings of fact, the Court makes the following conclusions of law:

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. There is a bona fide dispute and controversy existing between the parties hereto.

3. This proceeding should not be stayed.

■ 4. The solicitation for and publication of advertisements in the Guide does not constitute a "listing" of real estate within the purview of the Oklahoma Real Estate License Act (Title 59, O.S. A., § 831 et seq).

5. The compilation of and free distribution to plaintiffs' advertisers of the Report does not constitute a "listing" of real estate within the purview of the Oklahoma Real Estate License Act.

6. Neither plaintiffs nor their representatives list, sell, purchase, exchange, rent or lease real estate or improvements thereon or options relating thereto, nor do they negotiate or attempt to negotiate any such activities nor advertise or otherwise hold themselves out as engaged in such activities.

■ 7. Plaintiffs, in advertising by radio, television, newspapers, national magazines and direct mail, and in personal solicitation of contracts for advertisements in the Guide, in the publication and distribution thereof and in the compilation and distribution of the Report, in accordance with the findings of fact hereinbefore made, are engaged solely in the advertising business and are not real estate brokers within the purview of the Oklahoma Real Estate License Act.

8. Plaintiffs' representatives, engaged in and upon the business of plaintiffs, are not real estate salesmen within the purview of the Oklahoma Real Estate License Act.

### Judgment

It is ordered, adjudged, decreed and declared by the Court on the foregoing findings of fact and conclusions of law, which are by reference made a part hereof, that National Business and Property Exchange, Inc., a California corporation, and National Business and Property Exchange, Inc., a Delaware corporation, are engaged in the advertising business and are not real estate brokers nor are their

agents or representatives real estate salesmen or brokers within the purview of the Oklahoma Real Estate License Act as amended (Title 59, O.S.A., § 831 et seq.), and in all matters pertaining to or connected with the solicitation, publication and distribution of National Buyers' Guide and Confidential Report of Buyers, are not real estate brokers or salesmen subject to any of the provisions of the said Oklahoma Real Estate License Act.

It is further ordered, adjudged and decreed that the motion to stay proceedings be and the same is hereby overruled.

It is further ordered and decreed that the costs of this action be assessed against the defendant.