REAL ESTATE BROKER — LICENSING An employee of a broker who negotiates and secures an offer or an option wherein the sale is consummated by the owner, and wherein said employee receives a commission when and if such sale is consummated by the owner, is required to be licensed as a real estate broker or salesman. An employee of a broker who, directly or indirectly solicits property to be listed, sold, purchased, exchanged, rented or leased by the broker, and who receives a fee or commission for such solicitation in the event the property is listed, sold, purchased, exchanged, rented or leased, is required to be licensed as either a broker or salesman. Persons compiling lists of properties for sale or lease, or persons who advertise property for sale or lease, and sell a list of the advertised properties to third parties are required to be licensed by the Real Estate Commission if these persons participate in the negotiation of the sale or lease, and receive a commission or fee from the owners of the properties to be sold or leased. Conversely, persons who compile lists of properties for sale or lease, or persons who advertise property for sale or lease, and sell a list of the advertised properties to third parties, are not required to be licensed with the Real Estate Commission if these persons do not receive a commission or fee from the owners of the properties to be sold or leased. This is to acknowledge receipt of your letter wherein you ask, in effect, the following questions: 1. Would an employee of a broker who negotiates and secures an offer or an option wherein the sale is consummated by the owner, and wherein said employee receives a commission when and if said sale is consummated by the owner, be required to be licensed as a real estate broker or salesman? 2. Is an employee of a broker who, directly or indirectly, solicits property to be listed, sold, purchased, exchanged, rented or leased by the broker, and who receives a fee or commission for such solicitation in the event the property is listed, sold, purchased, exchanged, rented or leased, required to be licensed as either a broker or a salesman? 3. Would an individual or corporation who compiles lists of real estate properties for leases or sales and in turn markets such lists to the public on a commission or flat fee basis be required to be licensed as a real estate broker? 4. Would advertising of real estate for sale or lease by anyone other than the owner or the owner's regular employees, wherein a potential buyer or potential lessee would pay a service fee in the form of purchasing a list of available properties, constitute the individual or corporation engaging in the real estate brokerage business and require a license as a real estate broker to act as such? In answering your questions, it is first necessary to look at several sections of 59 O.S. 832 [59-832] (1971) states: "The term 'real estate broker' within the meaning of this Act, shall include all persons, associations and corporations, foreign and domestic, who for a fee, commission, or other valuable consideration, or who with the intention or expectation of receiving or collecting the same, lists, sells, purchases, exchanges, rents or leases any real estate, or the improvements thereon, including options, or who negotiates or attempts to negotiate any such activity; or who advertises or holds himself, itself or themselves out as engaged in such activities." Section 59 O.S. 833 [59-833] states: "The term 'real estate salesman' shall mean and include any person employed or engaged by or on behalf of a real estate broker to do or to deal in any act, acts, or transactions set out, or comprehended by the definition of a real estate broker in Section 2 of this Act for compensation or otherwise." Section 59 O.S. 836 [59-836] states: "Every person, corporation, or association engaged in the business of a real estate broker as defined by this Act shall obtain a license as real estate broker." Section 59 O.S. 837 [59-837] states: "Every real estate salesman, as defined in Section 3 of this Act, shall procure a real estate salesman's license." Section 59 O.S. 854 [59-854] states: "No licensee under this Act shall pay any part of a fee, commission or other compensation received by such licensee in buying, selling, exchanging, leasing, or renting of any real estate, unless such a person is a licensed real estate salesman, or licensed real estate broker." With reference to your first question, it is clear from the above statutes that anyone who negotiates or attempts to negotiate a sale, purchase, exchange, transfer, leasing or renting of property, and who receives a commission, fee, or some type of consideration, is covered under the Act, and must be licensed. It appears that an employee of a broker who negotiates and secures an offer or an option wherein the sale is consummated by the owner, and wherein said employee receives a commission when and if said sale is consummated by the owner, should be required to be licensed as a real estate broker or salesman. With reference to your second question, again, the above statutes require that anyone who seeks, by directly or indirectly soliciting persons, to obtain properties for listing, sale, purchase, exchange, renting or leasing, and who receives a commission, fee, or other consideration for such soliciting, is covered under the Act, and must be licensed. In addition, Section 854 prohibits sharing or splitting a fee with an unlicensed person. It appears that an employee of a broker who, directly or indirectly, solicits property to be listed, sold, purchased, exchanged, rented or leased by the broker, and who receives a fee or commission for such solicitation in the event the property is listed, sold, purchased, exchanged, rented or leased, should be required to be licensed as either a broker or salesman. With reference to your third and fourth questions, Section 59 O.S. 832 [59-832] and Section 833 pertain to persons who are involved in negotiating the sale, purchase, transfer, leasing or renting of property, and who receive a commission or a fee for being involved in the transfer. It appears from your letter and our conversations that the person involved does not sell, purchase, exchange, rent or lease the property involved; all the person does is compile the list of properties for sale or lease, and then sells this list to people who are interested in buying or leasing property. It is understood that the sellers or lessors of the property involved do not pay anything to the person who compiles the list; nor do they have any agreement or contract with such person; they merely allow the person to set out their addresses in the list that is sold. The only thing paid to the person who compiles the list is a flat rate or charge from the purchaser of the list. The main issue, then, is whether the compiling of the list of properties is the same as "listing" property in Section 832. There are few cases which have considered what a "listing" with a real estate broker is. A "listing" is at most an offer to use services of a broker which can be accepted by rendering the services impliedly requested. See Hooper v. Mansfield,251 P.2d 330, 334 (Ca. 1952). An alleged oral agreement by defendants to sell their interests in oil and gas property to any purchaser procured by broker for certain amount was a "listing" of the property. See Zeligson v. Hartman-Blair, Inc., 135 F.2d 874, 876 (C.C.A. Kan. 1943). The Oklahoma case involved is National Business and Property Exchange, Inc. v. Oklahoma Real Estate Commission, 170 F. Supp. 904 (W.D.Okl. 1955). In that case, the publishers, in effect, advertised properties for sale. The main difference in that case and the present situation is that the publication in the federal case was sold throughout the whole country rather than just locally. The other difference is that in the national publication the potential sellers or lessors of property were charged an advertising cost based upon the amount of space in the publication. In its conclusions of law on page 908 of the decision, the Court stated: "The solicitation for and publication of advertisements in the Guide does not constitute a 'listing' of real estate within the purview of the Oklahoma Real Estate License Act. "The compilation of and redistribution to plaintiffs' advertisers of the Report does not constitute a 'listing' of real estate within the purview of the Oklahoma Real Estate License Act." From the above cases, it is apparent that when an owner"lists" his property with a broker for sale, lease, or other transfer, that he is authorizing the broker to solicit and to negotiate with third parties for such sale, lease or transfer, and if the broker is successful, the broker is to receive consideration in the nature of fee or commission. Since the persons referred to in questions three or four do not have authority to negotiate with third parties for the sale or leasing of the property, and do not receive a fee or commission from the owner of the property, they would not come under the Act, and therefore, they are not required to be licensed as a broker or salesman. It is, therefore, the opinion of the Attorney General that the answer to your first question be answered in the affirmative in that an employee of a broker who negotiates and secures an offer or an option wherein the sale is consummated by the owner, and wherein said employee receives a commission when and if such sale is consummated by the owner, is required to be licensed as a real estate broker or salesman. It is the opinion of the Attorney General that the answer to your second question be answered in the affirmative in that an employee of a broker who, directly or indirectly solicits property to be listed, sold, purchased, exchanged, rented or leased by the broker, and who receives a fee or commission for such solicitation in the event the property is listed, sold, purchased, exchanged, rented or leased, is required to be licensed as either a broker or salesman. It is the opinion of the Attorney General that questions three and four be answered as follows: Persons compiling lists of properties for sale or lease, or persons who advertise property for sale or lease, and sell a list of the advertised properties to third parties are required to be licensed by the Real Estate Commission if these persons participate in the negotiation of the sale or lease, and receive a commission or fee from the owners of the properties to be sold or leased. Conversely, persons who compile lists of properties for sale or lease, or persons who advertise property for sale or lease, and sell a list of the advertised properties to third parties, are not required to be licensed with the Real Estate Commission if these persons do not participate in the negotiation of the sale or lease, and do not receive a commission or fee from the owners of the properties to be sold or leased. (Todd Markum)